UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                              )
                                    )
Ted Rafeal Sauls,                   )   Case No. 12-80094C-13D
                                    )
        Debtor.                     )

OPINION AND ORDER

The matter before the court is a motion by Ted Rafeal Sauls, (the "Debtor") requesting that the court find Universal Delights, Inc. ("Universal Delights") in contempt of the court's April 11, 2012 order.

On April 11, 2012, the court entered an opinion and order finding that Universal Delights had willfully violated the automatic stay, and awarding $2,630.00 in compensatory damages for services rendered by the Debtor's attorneys as a result of the violation. An award of attorneys fees "is considered a money judgment, and is treated in the same manner as any other money judgment." Moran v. Sasso, 2009 WL 1940785, at *6 (E.D.N.Y. July 2, 2009), citing Nicholson v. Williams, 2004 WL 4760138, at *3-4 (E.D.N.Y. Oct. 25, 2004). As a general rule, "[W]hen a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt."[1] Combs v. Ryan's Coal Co., 785 F.2d 970, 980 (11th Cir.), cert. denied sub

---

[1] Although contempt is available to assist in the collection of a monetary judgment in rare circumstances, no such circumstances exist here. See Freeman v. Heiman, 426 F.2d 1050 (10th Cir.1970).

nom. Simmons v. Combs, 479 U.S. 853 (1986). Accord Aetna Cas. & Sur. Co. v. Markarian, 114 F.3d 346, 349 (1st Cir.1997); Shuffler v. Heritage Bank, 720 F.2d 1141, 1147-48 (9th Cir.1983); Chase & Sanborn Corp. v. Nordberg, 872 F.2d 397 (11th Cir.1989); See also In re Duvall, 2007 WL 81966, at *2 (Bankr. D.D.C. Jan. 8, 2007) (contempt is ordinarily an inappropriate vehicle for collecting a monetary award).

The order entered by the court on April 11, 2012 is properly characterized as a money judgment. The proper remedy in light of Universal Delight's noncompliance with the order is a writ of execution. Accordingly, the Debtor's Motion for Contempt is DENIED.

This 24th day of September, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge